UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X  NOT FOR PUBLICATION
J.W. TONY BROWN-ARKAH, PhD. MPA,
Owner/Licensed Operator,

               Plaintiff,
-against-                                                                    MEMORANDUM
                                                                AND ORDER
DAVID J. DOYAGA, SR., U.S. Trustee;                   14-CV-2717 (CBA) (MDG)
SHUROD BROWN, Purported Stock Holder,

               Defendants.
----------------------------------------------------------X
**AMON, Chief United States District Judge:**

On May 1, 2014, plaintiff J.W. Tony Brown-Arkah, appearing pro se, filed this action against defendants along with an order to show cause for a preliminary injunction and temporary restraining order. The Court grants plaintiff's request to proceed in forma pauperis solely for the purpose of this Order. The order to show cause is denied and the complaint is dismissed as set forth below.

## Background

Plaintiff, an owner of a medical clinic on Brooklyn, alleges that on April 28, 2011, he filed a "voluntary Petition for Chapter 11 Bankruptcy" and that David J. Doyaga was eventually appointed a trustee. Plaintiff alleges various improprieties by Doyaga and Shurod Brown, an officer of the New York City Police Department with whom Doyaga allegedly conspired to "takeover" the clinic. (Compl. at 2-3.) Plaintiff seeks to force Doyaga to "immediately turn over the key to the clinic premises at 434 Rockaway Avenue, Brooklyn New York . . . ." (Compl. at 8.) The Court takes judicial notice that the bankruptcy proceeding is currently pending. See In re Am. Med. Utilization Mgmt. Corp., No. 11-43573 (Bankr. E.D.N.Y., filed Apr. 28, 2011).[1]

---

[1] Plaintiff is advised that a person who is not licensed to practice law may not appear pro se to represent a corporation, see Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-03

## Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Id. While pro se complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the Court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks omitted); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The Court is required to dismiss a complaint filed in forma pauperis if it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Furthermore, this Court has an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999); Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001); Fed. R. Civ. P. 12(h)(3).

## Discussion

"A trustee in bankruptcy is an officer for the court that appoints him." In re Lehal Realty Associates, 101 F.3d 272, 276 (2d Cir. 1996) ("Lehal") (citing cases). It is well-settled that when

---

(1993); Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007).

2

an individual sues a trustee for acts taken in the trustee's capacity as an officer of the court, the individual must first obtain leave of the court that appointed the trustee. Barton v. Barbour, 104 U.S. 126, 131 (1881); Lehal, 101 F.3d at 276; see also Bongiovanni v. Grubin, No. 12-CV-6387 (CBA), 2013 WL 5437330, at *6 (E.D.N.Y. Sept. 27, 2013). However, there is a statutory exception which allows "[t]rustees ... [to] be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property." 28 U.S.C. § 959(a). That exception "is intended to permit actions redressing torts committed in furtherance of the debtor's business, such as the common situation of a negligence claim in a slip and fall case where a bankruptcy trustee, for example, conducted a retail store." Lehal, 101 F.3d at 276 (internal quotation marks omitted). It does not apply where "a trustee acting in his official capacity conducts no business connected with the property other than to perform administrative tasks necessarily incident to the consolidation, preservation, and liquidation of assets in the debtor's estate." Id.

Here, plaintiff has not obtained leave of the United States Bankruptcy Court for the Eastern District of New York. Nor do the trustee's alleged acts fall within the "conducting business" exception. Plaintiff's complaints with the trustee's conduct uniformly relate to his conduct in administering the corporation in bankruptcy. Furthermore, the entity in bankruptcy - the entity injured by the trustee's alleged conduct - is a corporation, and plaintiff may not sue on its behalf to redress its injuries as he is not a licensed attorney. See Rowland, 506 U.S. at 201-03. Finally, to the extent that plaintiff seeks to bring a claim against Brown, he has articulated no basis for federal jurisdiction over any such claim, nor can the Court discern a basis for exercising such jurisdiction.

## Conclusion

Accordingly, the complaint, filed in forma pauperis, is dismissed pursuant to 28 U.S.C.

§ 1915(e)(2)(B). Plaintiff's proposed order is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge

Dated: Brooklyn, New York
       May 2, 2014